EDWARD MORGRIDGE *vs.* PROVIDENCE TELEPHONE COMPANY.

PROVIDENCE—FEBRUARY 8, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A., employed with other workmen in setting poles for the defendant company, under the direction of the latter's superintendent, was injured by the falling of a pole which had been raised to be placed on a "dinkey" carriage, the superintendent ordering the plaintiff and others who had been raising it to "*let go*" at a moment when the "dinkey" had not reached the place where it was to have received the pole:—

*Held*, that in giving the order the superintendent was not performing an act which legally devolved upon the defendant to do, and in so doing he acted as a fellow-servant of the plaintiff.

*Held*, further, that giving the order was merely incidental to raising the pole and might have been given as well by any other employee as by the superintendent.

It is the character of the act, and not the rank of the person performing it, which is the test by which to determine whether in the performance thereof the person acting is the representative of the master.

TRESPASS ON THE CASE for alleged negligence arising from an order untimely given by the defendant's superintendent. Heard on demurrer to the declaration.

TILLINGHAST, J. We think the demurrer should be sustained. The plaintiff, while assisting in the moving of a large telephone pole, was injured by reason of the falling thereof upon his body. The declaration shows that the superintendent in charge of the work had directed the plaintiff and several other fellow-servants of his to raise the top end of the pole, in order that a carriage on two wheels, called a "dinkey," could be placed under said pole for the purpose of moving it to the hole where it was to be erected. After the pole had been raised said "dinkey" was wheeled under the same, by direction of the superintendent, but before it had reached the

place where it was intended it should receive said pole—that is, before it came in contact with the pole so as to support the same—the superintendent gave the order to "*let go*," whereupon the plaintiff, supposing that the "dinkey" was so placed as to instantly receive the weight of said pole, he not being in a position where he could see the "dinkey," obeyed the order, and, by reason of the fact that the pole was some distance above the "dinkey" when said order was given, it fell, striking the plaintiff and seriously injuring him.   In support of the declaration it is contended that the act of the superintendent, in ordering the plaintiff and his fellow-servants to let go their hold on the pole, was in law the act of the defendant corporation and, being a negligent act, gives the plaintiff a right of action.   This contention is not tenable.   In directing the plaintiff and his fellow-servants to let go their hold on the pole the superintendent was not performing, on behalf of the defendant corporation, any duty imposed by law upon it, that is, it was not an act which legally devolved upon the defendant to perform.   The order to let go might as well have been given by any other employee as by the superintendent.   It was a mere incident in connection with the raising of the pole.   And as it is the character of the act, and not the rank of the person performing it, which is the test by which to determine whether in the performance thereof the person acting is the representative of the master (*Hanna* v. *Granger*, 18 R. I. 512 ; *Larich* v. *Moies, ib.* 507 ; *Moody* v. *Hamilton Mfg. Co.*, 159 Mass. 70), it is clear that in the giving of said order the superintendent was acting as a fellow-servant.

The recent case of *Donnelly* v. *Bridge Co.*, 117 Cal. 417, is singularly pertinent.   There the plaintiff was injured while engaged in the work of pile-driving.   A pile had been driven too deep, and the plaintiff, with other men, was sent by the superintendent to lay a foundation for a jack-screw to raise the pile.   This required the plaintiff to work under the pile-driver.   He was engaged in carrying and arranging blocks upon which to place the jack.   The blocks were supplied from a place ten or twelve feet above, from which height

they were thrown down to the workmen below, the superintendent directing the work. While the plaintiff was stooping down to pick up a block he was struck by one thrown from above. The man above inquired before he threw the block if all was clear below, and was answered in the affirmative by the superintendent and others, and the block was thrown. The superintendent, when he gave his answer, was standing within a few feet of the plaintiff, and there was nothing to obstruct his view of him. It appeared that the superintendent noticed the plaintiff the instant after he had given the order, and called to the workman to hold, but it was too late, as the block was already falling. The court held that the injury resulted from the negligent performance of an act which it was no part of the duty of the defendant to perform, and hence that as to that act the superintendent was not the representative of the master, and reversed the judgment of the court below, which was in favor of the plaintiff.

We think that it is clear, both from our own decisions and from the weight of authority generally, that the declaration does not state any cause of action.

Demurrer sustained, and case remitted to the Common Pleas Division with direction to enter judgment for the defendant for costs.

*Daniel R. Ballou and Clifford S. Tower,* for plaintiff.
*David S. Baker and Walter B. Vincent,* for defendant.