LEWIS MILHENCH *vs.* E. JENCKES MFG. CO.

PROVIDENCE—APRIL 23, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Negligence. Obvious Risk. Fellow-Servant.*

A declaration set out that plaintiff was employed in the picker-room of defendant's mill; that the foreman ordered him to assist him in lifting

certain large copper rolls out of the machine at which plaintiff had been working and to place them on top of the machine; that the top of said machine was smooth, and thereby rendered an unsafe and dangerous place upon which to rest said rolls; and there was no appliance on top of the machine to prevent them sliding off; that the plaintiff, while in the exercise of due care and while lifting a roll onto said machine, was injured. On demurrer:—

*Held,* that the declaration failed to show any negligence on the part of the defendant.

*Held,* further, that, under the facts stated, the plaintiff assumed the risk of his work.

*Held,* further, that in the doing of the work in question the plaintiff and the foreman were fellow-servants.

Trespass on the Case for negligence. Heard on demurrer to declaration, and demurrer sustained.

Per Curiam. This is trespass on the case for negligence. The declaration sets out, in substance, that the plaintiff was employed in the picker-room of defendant's mill; that the foreman ordered him to assist him in lifting certain large copper rolls out of the machine at which the plaintiff had been working and to place them on top of the machine; that the top of said machine was smooth, and was thereby rendered an unsafe and dangerous place upon which to rest said rolls, thereby permitting them to slide off; and that there was no appliance on the top of said machine to prevent the rolls from sliding off. And the plaintiff avers that he did not know said place was unsafe and dangerous, and could not by the exercise of ordinary care have had such knowledge; but that the defendant did know that said place was dangerous and unsafe, or might have known the same by the exercise of ordinary care; that the plaintiff, while in the exercise of due care, and while lifting a roll onto said machine, had several of his fingers cut off and was otherwise injured, etc.

To this declaration the defendant demurs on the grounds (1) that it appears that the danger was obvious, and the plaintiff therefore assumed the risk thereof; (2) that the alleged negligence was the negligence of a fellow-servant; and (3) that it does not appear that the defendant was negligent.

We think the demurrer must be sustained. It is not al-

leged that said machine or any part thereof was defective in any particular. The most that appears from the declaration is that on account of its smooth surface on top it did not form a suitable resting-place for a cylinder-shaped object. But we know of no rule of law which requires a manufacturer to so construct the top of every machine that it shall furnish a suitable resting-place for large copper rolls or other similar objects. Moreover, the declaration does not inform us what sort of a machine it was upon which the plaintiff was assisting to place said rolls, nor does he allege that one of the objects for which said machine was constructed was to receive, support, or hold such rolls, nor is there anything to show that any custom existed in said mill of placing such rolls on top of such a machine as that referred to, whatever its shape, size, or use might have been. Indeed, the only knowledge we have in the premises is that the plaintiff was called upon by said foreman to assist the latter in lifting a heavy roll out of some sort of a machine and placing it on the top thereof. We think it is clear that such a statement fails to show any negligence, on the part of the defendant, for which an action can be maintained.

Again, it is evident, from the plaintiff's allegations, that the shape of the roll which he was carrying and the smoothness of the surface where he deposited it were clearly obvious to the senses, and that he had the same means of knowledge in the premises as did the foreman. And, this being so, it is clear that the plaintiff, under the circumstances, must be held to have assumed the risk of his work.

If he intends to rely upon the fact that his injury was caused by reason of the negligence of a vice-principal, he must clearly fail ; because, under the well-settled law of this State, it is the character of the act, and not the rank of the person performing it, which is the test of vice-principalship. *Hanna* v. *Granger*, 18 R. I. 512 ; *Morgridge* v. *Telegraph Co.*, 20 R. I. 386.

In directing the plaintiff to assist in placing the rolls on the top of said machine the foreman was not performing any act which legally devolved upon the defendant to perform.

In other words, as to the doing of the work in question, the plaintiff and the foreman were simply fellow-servants. In ordering the plaintiff to assist in placing said rolls on the top of a machine or on the floor, or wherever else the foreman thought they might safely rest, the latter was apparently simply carrying out one of the details of the work, the manner of proceeding with which involved merely the exercise of such discretion as belongs to a co-worker in a superior grade.

Demurrer sustained.

*Thomas F. Vance,* for plaintiff.

*Walter B. Vincent,* for defendant.