## KORBER v. J. OTTMAN LITHOGRAPHING CO.

(Supreme Court, Appellate Term. February 27, 1906.)

MASTER AND SERVANT—FELLOW SERVANTS—SUPERINTENDENT—NEGLIGENCE.

Though defendant's superintendent might have been its representative in all matters which it was the master's duty to perform, still his act in negligently holding or failing to hold the ladder on which plaintiff was standing at the time of the accident was not an act which pertained to the duty of the master to perform, but was the act of a fellow servant.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 427–430.]

Appeal from City Court of New York, Special Term.

Action by Edward Korber against J. Ottman Lithographing Company for injuries received while in the employment of defendant. From an order denying a motion for new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

William A. Jones, Jr. (David M. Wolff, of counsel), for appellant. August P. Wagener (Frank Herwig, of counsel), for respondent.

GIEGERICH, J. I cannot distinguish this case from Hussey v. Coger, 112 N. Y. 614, 20 N. E. 556, 3 L. R. A. 559, 8 Am. St. Rep. 787, and Crispin v. Babbitt, 81 N. Y. 516, 37 Am. Rep. 521. Although the superintendent might have been the representative of the defendant corporation in all matters which it was the master's duty to perform, still his act in negligently holding, or failing to hold, the ladder on which the plaintiff was standing at the time of the accident was not an act which pertained to the duty of a master to perform, but was the act of a fellow servant; like the act of the superintendent in the Hussey Case in leaving the hatch open, and the Crispin Case in starting the machinery while the plaintiff was in a position of danger.

The order should be reversed, with costs and disbursements to appellant, and motion granted. All concur.