Frank Shugrue *vs.* Providence Telephone Co.

OCTOBER 27, 1913.

Present:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Master and Servant.   Fellow Servant.   Vice Principal.*

A foreman in charge of a servant, who undertakes to hold a ladder for the servant, while the latter is upon it and who fails to do so, whereby the servant is thrown and injured, is in such undertaking a fellow servant, since he is simply carrying out one of the details of the work and is not performing a duty owed by the master to the servant.

Trespass on the case for negligence.   Heard on exception of plaintiff and overruled.

Baker, J.   This is an action of trespass on the case for negligence.   The declaration contains one count only. Plaintiff alleges that on or about the 27th day of February, 1912, he was in the employment of the defendant corporation; that he was ordered by a foreman of said corporation, under whom he was working, to ascend a ladder then resting, the one end upon the ground, and the other end upon the side of a building about thirty feet from the ground, and to attach a wire to the fixtures and insulator upon the side of said building; that said foreman had placed said ladder in position and had assured the plaintiff that he would remain upon the ground and securely hold the ladder to prevent it from slipping and falling; that said foreman carelessly and negligently failed to hold and secure said ladder but, while the plaintiff was at work thereon in the exercise of due care, left the ladder unsecured and unprotected and walked

away, whereupon the plaintiff was thrown with great force to the ground by the slipping of said ladder thus unheld and unsecured, whereby he suffered great and severe injuries.

The defendant demurs to the declaration on the ground that the alleged negligence was the negligence of a fellow servant. The demurrer was sustained by the Superior Court and to its decision the plaintiff excepted. The cause has been heard by this court on said exception. The question raised is, whether a foreman undertaking to hold a ladder for a workman and failing to do so was in such undertaking and action a vice-principal or a fellow servant.

The defendant claims that in such case the foreman was a fellow servant and invokes the rule "that a master, using due care in the selection of servants and furnishing suitable appliances, is not answerable to one of them for an injury received in his service by the carelessness of a fellow servant." *Hanna* v. *Granger*, 18 R. I. 507, 508. By the great weight of authority "the test which determines the master's liability is the nature of the act in reference to which the negligence occurred; if the servant whose negligence caused the injury was at the time performing one of the master's duties to his servant the master is liable; if, on the other hand, he was not performing a duty which the law imposes upon the master, the master is not liable. In neither case does the fact that the negligent servant is the superior of the injured servant, or *vice versa*, affect the question of the master's liability." 12 Am. & Eng. Ency. Law, 2d ed. 933. This court has in several cases held this to be the law in this State. Among them are *Hanna* v. *Granger, supra; Morgridge* v. *Providence Telephone Co.*, 20 R. I. 386, and *Milhench* v. *E. Jenckes Mfg. Co.*, 24 R. I. 131.

In placing the ladder and undertaking to hold it was the foreman performing a duty owed by the defendant to the plaintiff? We think not. The foreman was simply carrying out one of the details of the work and if his negligence, as alleged, caused the plaintiff's injury, as described, in such case the plaintiff's injury was the result of the act of a fellow

servant.   See *Hoffman* v. *Holt*, 186 Mass. 572, and *Korber* v. *J. Ottman Co.*, 97 N. Y. Supp. 1044, in each of which cases the plaintiff was injured by a slipping ladder and in which also the facts were very similar to those in this case.

The plaintiff's exception is overruled, and the case is remitted to the Superior Court for further proceedings.

*James A. Williams*, for plaintiff.
*Boss & Barnefield*, for defendant.