ANTHONY HERRERA, PLAINTIFF AND APPELLANT, v. MANHATTAN ELECTRIC SUPPLY COMPANY, DEFENDANT AND RESPONDENT.

Argued July 2, 1913—Decided November 17, 1913.

1. A master is bound to take reasonable care to have the machine, upon which he directs his servant to work, reasonably safe for the work.
2. Where a servant received an injury from a latent or concealed defect in a machine upon which he had been put to work, evidence to establish the master's liability must justify the inference that the master either knew, or, by the exercise of the care required of him, might have known of the defect.
3. A judgment entered upon a nonsuit directed by the trial judge will be affirmed on review if correct on any legal ground, though the reason advanced by the court below is not well founded.
4. The rule that the servant assumes all risks ordinarily incident to the employment in which he engages does not apply to defects and dangers which he has no knowledge of, and could not discover by the use of ordinary care, and of which the master has or ought to have knowledge.

5. When a servant is put to work on a machine he has a right to assume, in the absence of knowledge to the contrary, that his master has performed his duty by exercising reasonable care to have the machine reasonably safe for the work.

6. A servant who had been working upon a machine only a day and a half before he was hurt, cannot be said as a matter of law to have assumed the risk of a defect in the machine unknown to him, and in a part thereof which he had not examined. when it appeared that inspection and repair was no part of his duty, and that nothing had been brought to his attention which should have led him in the exercise of due care to examine the defective part.

7. The case of *Coyle v. Griffing Iron Co.*, 34 *Vroom* 609, distinguished.

8. Where, on an issue of assumption of risk by a servant who has sustained injuries, the facts are controverted, or such that different inferences may be drawn therefrom, the question of assumption of risk should be submitted to the jury under proper instructions from the court.

9. Where a servant is injured by reason of a defect in a clutch which allowed the plunger of a power press upon which he had been put to work to fall prematurely, it is competent for him, in a suit against his master to recover for such injury, to show that the plunger of the same press had on other occasions, shortly prior to the plaintiff's accident, descended without being released by the operator, and that the fact had been brought to the attention of the master.

On appeal from a judgment of the Supreme Court.

For the appellant, *Ziegener & Lane* (*Merritt Lane* on the brief).

For the respondent, *Edwards & Smith* (*Mark Townsend, Jr., William D. Edwards* and *Edwin F. Smith* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. The main question raised by this appeal is the propriety of the action of the judge in granting the defendant's motion to nonsuit after the plaintiff's proofs were in at a trial at the Hudson Circuit.

We are of opinion that the nonsuit was wrong.

The plaintiff was employed by the defendant company and was hurt whilst operating a power press supposed to be so

constructed that, by means of a clutch, the plunger would remain suspended until it was released by the operator by pressure upon a treadle.

In such case the rule of duty of the defendant company admits of no doubt or dispute. It was bound to take reasonable care to have the machinery, upon which it had directed the plaintiff to work, reasonably safe for the work. *McDonald* v. *Standard Oil Co.*, 40 *Vroom* 445.

The nonsuit seems to have been granted upon the theory that there was no evidence of neglect of that duty by the defendant company. But we think that there was. The evidence tended to show that, while the plaintiff was operating the machine, the plunger suddenly fell crushing the plaintiff's hand whilst he was in the act of feeding metal to the die, and without the plunger having been released by the plaintiff. According to the evidence, the plunger was released prematurely because the clutch was defective and inadequate. The clutch was liable to become loose because it was a wooden one instead of metal, as proper construction required, and had only one nut where there should have been two.

Of course, where a servant receives an injury from a latent or concealed defect in the machine, evidence to establish the master's liability must justify the inference that he either knew, or, by the exercise of the care required of him, might have known of the defect. *Essex County Electric Co.* v. *Kelly,* 28 *Vroom* 100.

If it be assumed that the defect in this case was a latent one, we think the evidence clearly justified the inference that the master knew or should have known of it. The evidence tended to show that the defendant knew that the plunger was likely to fall without being released by the operator of the machine. There was testimony that it had done so before and that the fact had been reported to the superintendent of the defendant company.

The question of the defendant's negligence being for the jury, the nonsuit cannot be supported upon the theory which seems to have been adopted at the trial.

Of course, a judgment entered upon a nonsuit directed by the trial judge will be affirmed on review if correct on any legal ground, though the reason advanced by the court below is not well founded. *Gillespie* v. *J. W. Ferguson Co.,* 49 *Vroom* 470.

And so, the defendant contends that the nonsuit may be supported upon the theory that the plaintiff, as a matter of law, assumed the risk.

We think not. The doctrine of assumption of risk is distinct from that of contributory negligence, and rests upon an agreement of the servant with the master, express, or implied from the circumstances of his employment, that the master shall not be liable for any injury incident to the service, resulting from a known or obvious danger arising in the performance of the service. And so, the rule that the servant assumes all risks ordinarily incident to the employment in which he engages does not apply to defects and dangers which he has no knowledge of, and could not discover by the use of ordinary care, and of which the master has or ought to have knowledge.

When the plaintiff was put to work on the machine in question, he had a right to assume, in the absence of knowledge to the contrary, that the defendant company had performed its duty by exercising reasonable care to have the machine reasonably safe. *Smith* v. *Erie Railroad Co.,* 38 *Vroom* 636. Now, the evidence disclosed that the plaintiff had worked on the machine only a day and a half. According to his testimony, he had nothing to do with its inspection and repair. That was the duty of the die setter. The plaintiff testified that he had no knowledge of the "mechanical parts" of clutches on such machines, and we think there is a fair inference from his testimony that, prior to the accident, he had not examined the clutch on the machine in question. He testified that he did not know of its defective condition and had no reason to suppose that it would fail to support the plunger. It is true another witness testified that the fault with the clutch could have been corrected temporarily by tightening the spring, but there is nothing to indicate that

the plaintiff knew that it needed tightening. So we think it cannot be said, as a matter of law, that the plaintiff, in the exercise of due care, should have observed the defect. It was reasonable to infer from the evidence that nothing was brought to his attention, within the day and a half that he worked upon the machine, which should have led him in the exercise of due care to examine the clutch, especially in view of the fact that he had nothing to do with inspection and repair. In this aspect this case is to be distinguished from *Coyle* v. *Griffing Iron Co.*, 34 *Vroom* 609, and those cases which follow it.

Where, on an issue of assumption of risk by a servant who has sustained injuries, the facts are controverted, or such that different inferences may be drawn therefrom, the question of assumption of risk should be submitted to the jury under proper instructions from the court.

Since a new trial must be awarded it may serve a useful purpose to remark that we think the judge erroneously excluded evidence at the trial. We refer to the proffered evidence of the witness Sarre, which was rejected, and the evidence of the witness Martin which was stricken out, to the effect that the plunger of the machine upon which the plaintiff was hurt, had on other occasions, shortly prior to the plaintiff's accident, descended without being released by the operator, and that the facts had been brought to the attention of the superintendent of the defendant company. Such testimony should have been admitted. It was competent as charging the defendant with knowledge of a defective condition.

The judgment below will be reversed and a *venire do novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 13.