CHARLOTTE A. NEAL *vs.* DANIEL H. RENDALL.

Androscoggin.    Opinion December 23, 1905.

*Exceptions.    What Same Must Show.    Declaration.    Variance.    Negligence. Evidence.*

1. Exceptions to a ruling cannot be sustained merely because the ruling, viewed as an academic proposition, was erroneous. It must further be made to appear in the bill of exceptions that the ruling was also prejudicial to the excepting party's case.

2. A bill of exceptions to a refusal to give a requested instruction based on a factual hypothesis must show in itself, or by express reference, that there was evidence in support of the hypothesis; otherwise the court cannot know that the excepting party was prejudiced by the refusal even though the legal proposition contained in the request was correctly stated.

3. Whether a statement in a bill of exceptions that "the evidence upon the motion for a new trial if printed may be referred to, to illustrate and explain the exceptions" sufficiently makes the report of the evidence a part of the bill of exceptions. *Quare.*

4. In this case as to the requests based on factual hypotheses, it does not appear from the bill of exceptions that there was any evidence in support of the hypotheses and hence these exceptions must be overruled.

5. Where the declaration alleges that the defendant's team ran into the plaintiff's team, and the proof is that both teams were in motion approaching each other up to the instant of collision, the fact that the defendant's team was much slower in motion than the team of the plaintiff does not constitute a fatal variance between the allegation and the proof.

6. To sustain a common law action based on the negligence of the defendant, it is not necessary to prove that the defendant's negligence was the sole cause of the plaintiff's injury.

On exceptions by defendant. Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant whose vehicle collided with that in which the plaintiff was riding, on a public street in Auburn.

The testimony showed that the plaintiff, sixty-eight years of age, was riding in a light carriage with her husband, and that the horse was his. The husband, who was seventy-two years of age, was driving. At the time of the collision which resulted in the injuries complained of, the plaintiff and her husband were traveling south on Turner street, in Auburn, at about six miles an hour, and on the right of the middle of the traveled part of the street, as they traveled. The street at the point of collision was from forty-six to fifty feet in width. The defendant, in a heavily loaded team, was traveling north on the same street, at a walk, but he was on the left of the traveled part of the street, as he traveled. Both teams were thus west of the middle of the traveled part of the street, and the team of the defendant was nearer the middle.

The testimony tended to show that there was apparently sufficient room on the west of the middle of the traveled part of the street so that the teams could have passed without interference, had they both continued as they were traveling just before the collision described in plaintiff's writ, but that the horse attached to the wagon in which the plaintiff was riding became suddenly frightened, and shied towards the center of the traveled part of the road and towards defendant's team. The front left wheel of the plaintiff's carriage came into collision with the hind wheel of defendant's vehicle, whereby the plaintiff was thrown from her carriage and suffered the injuries for which she claimed damages in this action.

The testimony also tended to show that the two teams would have passed each other safely and without collision had it not been for the horse's fright and shying; also that they would have passed each other safely if the defendant had been driving on the right of the middle of the traveled part of the street.

The plaintiff recovered a verdict for $400. Before the case was submitted to the jury, the defendant requested the presiding Justice to give four certain instructions to the jury, the substance of each of which sufficiently appears in the opinion, and which said request was refused. Thereupon the defendant excepted.

*W. H. Judkins and B. L. Pettigrew,* for plaintiff.

*Oakes, Pulsifer & Ludden,* for defendant.

SITTING: EMERY, WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

EMERY, J. The first request for instruction is based upon the factual hypothesis that there was not sufficient time for the defendant to turn and reach the right of the middle of the road after he first saw the plaintiff approaching. It does not appear, however, from the bill of exceptions that there was any evidence in support of the hypothesis. Hence the request does not appear to have been applicable to the case, and its refusal does not appear to have prejudiced the defendant.

The second request is based on the factual hypothesis that the defendant's team did not run into that of the plaintiff. From the bill of exceptions, it appears to be undisputed that both teams were in motion approaching each other up to the moment of collision, though the defendant's team was proceeding at a walk. There is no suggestion of any evidence that the defendant's team was stationary. Each team, therefore, ran into the other, though there was a difference in the speed of the two teams. This sufficiently sustains the case stated in the declaration that the defendant's team ran into the plaintiff's team. It was practically so held in *Neal* v. *Rendall*, 98 Maine, 69.

The third request was based upon the legal hypothesis that the

defendant's negligence must have been the sole cause of the collision. This hypothesis is not well founded in law. It is enough if the defendant's negligence was a direct contributing cause without which the collision would not have occurred, no evidence being stated of plaintiff's contributory negligence. While the request might have been applicable were the action a statutory one against a town, it is not applicable to this common law action against an individual.

The fourth request is based on several factual hypotheses as to the character of the plaintiff's horse, the condition of her husband, the driver, his manner of driving, his want of control over the horse, etc. Here again the bill of exceptions is bare of any statement that there was evidence in support of these hypotheses. It is not made to appear that the request was applicable to the case and hence that the defendant was prejudiced by the refusal to so instruct.

At the close of the bill of exceptions it is stated that the evidence upon a motion for a new trial if printed might be referred to to illustrate and explain the exceptions. It is at least questionable whether such a statement makes the whole evidence a part of the bill of exceptions to supply what was omitted in the bill itself, but we have no occasion to decide this question inasmuch as the evidence was not printed or brought before the court in any way.

It follows that none of the exceptions can be sustained.

*Exceptions overruled.*