## CHARLES E. MEECH vs. ARTHUR B. SEWALL.

Suffolk.   March 12, 1919. — March 13, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* In operating motor vehicle.   *Proximate Cause.*

Where one driving a motor car in violation of the law of the road and without
sounding his horn strikes another motor car with such force as to cause it to
knock down and injure a pedestrian on the sidewalk of the highway in the exer-
cise of due care, such unlawful and negligent driver is liable to the person in-
jured, even if negligence on the part of the driver of the other car contributed
to the accident, which here was not the case.

TORT for personal injuries sustained by the plaintiff on October 7,
1916, when the plaintiff was walking on the sidewalk of West
Newton Street near the corner of St. Botolph Street in Boston,
from being struck by a motor car operated by one O'Brien, by
reason of that car being struck violently by the car of the defend-
ant negligently and unlawfully operated by him, forcing the car
operated by O'Brien upon the sidewalk and against the plaintiff,
thereby knocking him over a fence and injuring him severely.
Writ dated October 17, 1916.

In the Superior Court the case was tried before *Fessenden,* J.,
together with actions respectively against the owner of the other
car and O'Brien, its driver.   At the close of the plaintiff's evidence
a verdict for the defendant owner of the other car was ordered by
agreement, and the trial proceeded in the cases against O'Brien
and Sewall.   The material evidence is described in the opinion.

The defendant Sewall asked the judge to rule that, if O'Brien
was negligent and his negligence contributed to the plaintiff's
injuries, there could be no recovery against the defendant Sewall.
The judge refused to make this ruling.   The defendant Sewall then
asked the judge upon all the evidence to order a verdict for him.
The judge refused to do this and submitted to the jury the cases
against the defendant Sewall and the defendant O'Brien.   The jury
returned a verdict for the defendant O'Brien, and, in the action
against the defendant Sewall, returned a verdict for the plaintiff

in the sum of $7,150. At the request of the defendant Sewall the judge reported the case for determination by this court. If the judge's refusal to order a verdict for the defendant was wrong, final judgment was to be entered for the defendant; otherwise, final judgment was to be entered for the plaintiff in the amount of the verdict with interest from April 22, 1918, and costs.

The case was submitted on briefs.

*F. J. Daggett, J. T. Cassidy & P. Mansfield,* for the plaintiff.

*H. H. Pratt & E. S. Taft,* for the defendant.

BY THE COURT. There was evidence tending to show that the defendant, driving his motor car at great speed, in violation of the law of the road and without sounding his horn, struck another motor car with such force as to cause the latter to strike and injure the plaintiff, a pedestrian in the exercise of due care. The weight of the evidence was wholly for the jury. The testimony of the driver of the other car that he momentarily accelerated its speed to twenty-two miles an hour in a vain effort to escape collision with the defendant, did not require the direction of a verdict in favor of the defendant. The jury found that the driver of the other car was not negligent. Even if the negligence of the driver of the other car contributed to the injury of the plaintiff, that would not exonerate the defendant from the direct result of his own negligence operating in concurrence with that of the other driver. *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352, 361. The judge refused rightly to direct a verdict for the defendant and accordingly, by the terms of the report, judgment is to be now entered for the plaintiff in the amount of the verdict with interest from April 22, 1918, and costs.

*So ordered.*