### Rohrman v. Denzinger.

(Decided May 12, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Municipal Corporations—Finding Injuries were Proximate Result of Automobile Driver's Negligence Held Not Flagrantly Against Evidence.—In action for injuries sustained by plaintiff when de-

fendant's automobile, in making a right-hand turn, forced a follow-ing car to run against plaintiff, finding that plaintiff's injuries were proximate result of negligence of defendant's driver in failing to give timely signal, held not flagrantly against the evidence.

2. Municipal Corporations—Driver Making Right-Hand Turn Re-.quired to Signal Intention to Car Behind.—Driver of defendant's automobile making a right-hand turn was required to signal his intention to driver of car behind and to the right for a sufficient length of time before making turn to warn and enable him to so regulate course and speed of his own car as not to be thrown into a position of peril.

3. Appeal and Error—Any Error in Giving of Instructions Held Not Ground for Complaint in Absence of Objection or Requested In-structions.—Any error in giving of instructions or failure to give others was not ground for complaint, where appellant neither objected to those given nor offered additional instructions.

JOHN P. HASWELL for appellant.

JOSEPH SOLINGER and CLAUDE HUDGINS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellee, Emma Denzinger, recovered judgment in the Jefferson circuit court, common pleas branch, second division, against appellant, John Rohrman, for $520.00 for personal injuries. This appeal has been prosecuted and appellant seeks to reverse that judgment, claiming that the verdict is not sustained by the evidence and that the court erred in not giving all the law of the case.

The facts briefly stated are these: Claude Morgan, in a Chevrolet automobile, was driving west on Jefferson between 20th and 21st streets, intending to proceed on Jefferson to 26th street. A Buick sedan owned by appel-lant and driven by his chauffeur, when admittedly on his business, came out of 21st street into Jefferson and pro-ceeded in the same direction that the Chevrolet was going. The driver of the car intended to leave Jefferson at 21st street, it being necessary to make a right-hand turn to do so. Appellant's chauffeur testified that he came into Jefferson ahead of the Chevrolet car and con-tinued slightly ahead of that car until he turned into 21st street. The driver of the Chevrolet and a witness, riding in the Buick sedan, testified that the latter car came into Jefferson behind the Chevrolet but passed it before reaching 21st street. The evidence discloses that the Buick car was six or eight feet closer to the center of the

street than the Chevrolet. The evidence differs as to the distance the Buick was leading the Chevrolet at the time it was turned from Jefferson into 21st street. Morgan, the driver of the Chevrolet, testified that it was only a foot or two ahead of him and that the turn was made without the chauffeur having given any signal to indicate his intention to make the turn. The driver of the Buick testified that he was just about 25 or 30 feet in front of the Chevrolet when he began to turn. He testified that he signalled by extending his arm held in proper position to indicate the right turn, and that he sounded his horn. Asked by his attorney as to where he was with reference to 21st street at the time he blew the horn and gave the signal, he stated: "I was making my turn going around the corner." Some two or three other witnesses testified that before turning from Jefferson into 21st street the driver of appellant's car signalled both by sounding the horn and extending the arm in proper position to indicate the right turn. They differ in their estimates of the distance between appellant's car and the Chevrolet at the time the signals were given and the turn made. In turning from Jefferson into 21st street the Buick necessarily crossed the path of the Chevrolet. Morgan, the driver of the Chevrolet, testified that when appellant's car was turned from Jefferson into 21st street without the driver having signalled his intention to do so, it was then so close in front of him that to prevent running into it with his own car it was necessary for him to turn sharply to the right, and that he did so in order to avoid colliding with the Buick. His car ran upon the pavement and struck appellee, who was standing there, knocked her into the street and inflicted painful bruises and contusions upon her body, but fortunately, no permanent or fatal injuries. The court by instructions 1 and 2 submitted to the jury the relative duty of the drivers of the two cars under the circumstances, and advised them in what state of case the jury might find appellant liable to appellee for the injuries she sustained. Those instructions were not objected to by appellant. The law certainly imposed upon the driver of appellant's car the duty of signalling to the driver of the following car, indicating his intention to turn from Jefferson into 21st street for a sufficient length of time before making the turn to warn him and to enable him to so regulate the course and speed of his own car as not to

be thrown into a position of peril. We have concluded that the testimony of the chauffeur of appellant's car discloses his negligence in turning from Jefferson into 21st street without giving reasonable warning of his intention so to do. The two cars were shown to have been running at approximately 12 miles an hour. Appellant's chauffeur stated that he signalled by blowing his horn and extending his arm held in proper position to indicate the right turn when "I was making my turn going around the corner," and that the other car was then only 25 or 30 feet behind. Accepting the testimony of appellant's chauffeur, the signal of his intention to turn came too late to give the driver of the following car warning in time to prevent his being thrown into a position of peril. Therefore it can not be said that the verdict of the jury in finding that appellee's injuries were the proximate result of the negligence of the driver of appellant's car is flagrantly against the evidence.

Appellant is in no position to complain that the trial court erred in not correctly giving the law of the case or in failing to further instruct the jury. He neither objected nor excepted to those given nor offered additional instructions. Hence, if those given were erroneous as given or in failing to cover all phases of the case appellant can not be heard to complain.

Judgment affirmed.