LAUTH *v.* WOODRUFF.

1. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
Undisputed physical facts do not establish contributory negli-gence of plaintiff's decedent, a motorcyclist, where there is evidence that, while traveling 35 to 40 miles an hour, he gave audible warning of intention to pass defendant's automobile, traveling 30 to 35 miles an hour, when 50 to 75 feet back of automobile; had veered to left side of highway in attempting to pass; and, later, when vehicles were about 20 feet apart automobile was turned sharply to left to enter a driveway, brakes applied and rear light warning signal given, motor-cyclist then attempted to pass to right of automobile but was unable to do so quickly enough to avoid collision with rear end thereof, and, therefore, defendant was not entitled to judgment as matter of law.

2. SAME—NEGLIGENCE—WARNING SIGNALS.

A question of fact was presented as to negligence of defendant with respect to his compliance with 1 Comp. Laws 1929, § 4711, providing that a motor vehicle operator, before starting, stopping or turning from a direct line shall give an intelligible signal to another driver approaching from rear either by hand and arm or mechanical device, where testimony as to whether any signal by hand and arm was given at all and as to timeliness of giving rear light signal was in conflict.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 10, 1933. (Docket No. 48, Calendar No. 37,382.) Decided December 5, 1933.

Case by Edward Lauth, administrator of the estate of Nicholas Lauth, deceased, against Guy B. Woodruff for personal injuries resulting in death of plaintiff's decedent received in a motor vehicle accident alleged to be due to defendant's negligence. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*Mason, Alexander & McCaslin* and *Dwight W. Fistler (Harry C. Howard,* of counsel), for defendant.

NORTH, J. The highway known as US–131 extends in a northerly direction from the city of Kalamazoo. Something less than half a mile north of the city limits the Brookside Inn is located on the westerly side of this highway. In that locality the concrete surface of the road is 20 feet in width. In the early evening of August 5, 1932, defendant and two companions were proceeding in his automobile in a northerly direction from Kalamazoo along this

highway, going 30 to 35 miles per hour, their destination being the Brookside Inn. The three were occupying the front seat of defendant's Pierce Arrow automobile. Plaintiff's decedent (hereinafter called plaintiff) and a companion mounted on motorcycles were proceeding in the same direction some distance in the rear of defendant's automobile. There are two driveways from the highway into the Brookside Inn. Defendant slowed down as he approached one of these two driveways and turned his automobile to his left in the act of driving into the premises. Just at this instant the motorcycle of plaintiff collided with defendant's automobile, striking it in the center portion of the rear end. The accident resulted in the death of Nicholas Lauth. Upon suit brought by his administrator for damages, he had judgment and defendant has appealed.

In support of plaintiff's case it is claimed that just immediately prior to the accident he and his companion were in the act of attempting to pass defendant's automobile. The gist of the negligence charged in the declaration is that defendant failed to keep to the right of the highway after deceased had given a suitable audible signal indicating his intention to pass; and further that before turning from the line in which he was traveling defendant was negligent in failing to ascertain that such movement could be made in safety and in failing to give a signal by means of his hand or arm or other device and to convey an intelligent warning to deceased who was approaching from the rear. See 1 Comp. Laws 1929, §§ 4703, 4711. Appellant asserts that he was entitled to judgment as a matter of law on the ground that the undisputed physical facts are such as establish plaintiff's negligence; and also because

the undisputed testimony is that defendant exercised reasonable care and complied with the statutory requirements in the manner in which he was operating his automobile at the time of the accident, particularly in that he gave warning of his intention to make a left-hand turn by extending his hand and by displaying signal lights on his automobile.

Under the facts which plaintiff's testimony tends to establish in the instant case, we cannot sustain appellant's contention that right of recovery is barred because of the undisputed physical fact that plaintiff's motorcycle collided with the rear end of defendant's automobile in the manner above indicated. According to the testimony of plaintiff's companion the latter's motorcycle immediately preceding the accident was traveling a little in the rear and somewhat to the right of the motorcycle on which plaintiff was riding. This witness testified that plaintiff by sounding a horn gave warning of his intention to pass defendant's automobile; that this was done when plaintiff was about 50 or 75 feet back of defendant's car and at a time when plaintiff had veered to the left or westerly side of the highway in attempting to pass; that after plaintiff sounded the horn and was about 20 feet from the automobile defendant turned rather sharply to the left and applied the brakes at which instant the warning signal on the rear of the automobile was lighted, but that prior to that time no signal of defendant's intention to make a left-hand turn had been given. The testimony is further to the effect that plaintiff upon discovering that the automobile was turning to the left or in a westerly direction attempted to change his course and pass to the right of the automobile, that he was unable to turn quickly enough and the collision resulted. Plaintiff's com-

panion succeeded in veering to the right and in passing defendant's car in safety on the right-hand side. There is testimony that the motorcycles were traveling from 35 to 40 miles an hour. After the accident plaintiff's motorcycle was found lying just east of the center line of the traveled portion of the highway. The testimony in behalf of defendant is that he approached the point of turning into the driveway at a comparatively slow rate of speed, that he gave timely warning of his intention to turn both by extending his hand and arm and also by operation of the warning light at the rear of his automobile. Appellant stresses the point that there is no dispute in the testimony about the light warning having been given, and asserts that giving such warning was sufficient compliance with the statutory requirement.

We think it clearly appears from this record that there is a dispute in the testimony as to how and when defendant gave warning of his intention to turn. It is admitted by his witnesses that they did not know exactly the location along this highway of the Brookside Inn, that they were watching for it as they approached. We quote from the testimony of plaintiff's companion, Merrill Kitchel:

"The gentleman in the car ahead did not extend his arm. At that time when Mr. Lauth turned to the left, the automobile ahead of us was being driven on the right side of the road. There was no stop light showing on the rear at that time. * * * He (plaintiff) sounded his horn and started to pass him, and then the car abruptly started to turn to the left and applied the brakes at the same time. Mr. Lauth turned to the right to miss the car and he couldn't turn quite far enough. * * * The back part of the car where he struck was approximately on the black line when he hit it. The front end of

the car was pulling to the left of the pavement, off from the pavement. * * * The left front wheel, I believe, was off the pavement, or at least it was almost off. * * * At no time while I was approaching that car did the driver of the car extend his hand. Mr. Lauth was approximately 20 feet from the automobile at the time the automobile started to turn to the left."

The pertinent statutory provision is:

"Signals on starting, stopping or turning.

"(a) The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety and shall give a signal as required in this section.

"(b) The signal herein required shall be given either by means of the hand and arm in the manner herein specified, or by a mechanical or electrical signal device which conveys an intelligible signal or warning to another driver approaching from the rear.

"Whenever the signal is given by means of the hand and arm, the driver shall indicate his intention to start, stop, or turn by extending the hand and arm horizontally from and beyond the left side of the vehicle." 1 Comp. Laws 1929, § 4711.

As intimated above, we think the testimony is in dispute as to whether a proper signal of intention to deviate from the course his automobile was pursuing was given by defendant; and surely the record presents a question of fact as to whether the electric signal, even though given, was sufficiently timely to free defendant from the charge of negligence in that particular. See *Rohrman* v. *Denzinger*, 208 Ky. 832 (272 S. W. 16); *Gates* v. *Landon*, 216 Mich. 417; 1 Blashfield Cyclopedia of Automobile Law, p. 539. The case was submitted to the jury under a charge of which no complaint is made. Appellant's conten-

tion that he was entitled to judgment as a matter of law cannot be sustained.

Affirmed. Costs to appellee.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.