FELSENFELD v. CHATTAWAY.

1. Motor Vehicles—Concurrent Negligence.
   Basis for submitting claim of concurrent negligence to jury is not present where plaintiff claims driver of her car was free from negligence and defendants' driver was wholly at fault and, under defendants' version, testimony does not show any act of defendants' driver that misled plaintiff's driver or caused collision.

2. SAME—WARNING SIGNAL—LEFT TURN.
    Question of whether signal given by defendants' driver was suf-
        ficient compliance with 1 Comp. Laws 1929, § 4711, to indicate
        a left turn, is unimportant under plaintiff's claim and under
        defendants' account its effect on plaintiff's driver purely
        speculative.

3. SAME—WEIGHT OF EVIDENCE.
    Verdict for defendants *held*, not against weight of evidence in
        action by guest passenger of another car involved in accident
        near intersection as former's car was overtaken as it was about
        to make a left turn.

Appeal from Wayne; Toms (Robert M.), J.   Sub-
mitted January 4, 1934.   (Docket No. 39, Calendar
No. 37,527.)   Decided March 6, 1934.

Case by Betty Felsenfeld, by next friend, against
Eustace Chattaway and others for personal injuries
sustained in an automobile accident near a highway
intersection.   Case dismissed as to defendant Alt-
man.   Verdict and judgment for defendants Chatta-
way.   Plaintiff appeals.   Affirmed.

*Dohany & Dohany* and *Abe E. Schmier,* for plain-
tiff.

*Harold S. Knight,* for defendants Chattaway.

FEAD, J.   The case concerns a collision between
two automobiles, in the daytime, on the 40-foot, four-
lane Dixie highway, between Pontiac and Flint.
Defendants had verdict of a jury and judgment.

Plaintiff, a minor, with two other young ladies
and three young men were going north to Flint in a
Packard sedan, owned and driven by Dr. Albert
Altman.   Defendants were driving north in a Ford
sedan, owned by John Chattaway, driven by his son,
Eustace, and occupied by them, Mrs. John Chatta-

way and Miss Burnham. Originally, Dr. Altman was made a defendant but he was discharged on the opening statement at trial because plaintiff was his guest passenger and no charge of gross negligence was made against him. Plaintiff and two other passengers in the Packard car testified and all the occupants of the Ford took the stand. Dr. Altman, although present in court, was not sworn. The claims of the parties as to where and how the collision occurred are wholly irreconcilable. Except as to unimportant estimates of distances, the respective witnesses fully sustained the claims of the party calling them.

Plaintiff and her companions say they first noticed the Ford car when about three-quarters of a mile south of the intersecting Narin road; they followed at a distance of about 75 feet, both cars running 45 miles per hour; the Ford was in the east or outside northbound lane; the Packard ran on the west or inside northbound lane; about 300 feet south of Narin road the Ford began to decrease its speed, slowed to 25 miles per hour, and the Packard gradually overtook it; when about 70 feet from the intersection, each car still being in its original lane, the Packard overtook the Ford, the driver sounded the horn and, when the Packard came abreast of the Ford, the latter, without signal or warning, suddenly turned to the left, struck the front wheel of the Packard, the driver lost control, the car left the road and struck a telegraph pole in the northwest corner of the intersection and plaintiff and others were injured.

Defendants claim they were proceeding on the outside northbound lane but, when about 300 feet from the intersection, turned into the inside lane; the driver looked in his rear view mirror and saw no car following; he reduced speed gradually and, when

some 10 feet from the intersection, was running at 10 miles per hour; he shifted into second speed and turned to the left; when in the next lane, the inside southbound lane, and with his front wheels over the line of the outside southbound lane, his car was struck by the Packard. The only turn signal defendant driver gave was that he applied his brakes to decrease speed, which caused a stop light to show, and he raised his right hand in the car.

Plaintiff's principal complaint is that the original charge of the court repudiated the doctrine of concurrent negligence of the two drivers as the proximate cause of the injury and, although he recalled the jury and presented it in a supplemental charge, he did not clear up the misunderstanding. It is also claimed as error that the court left it to the jury to determine whether the signals given by defendant driver were sufficient to indicate a left turn. Concurrent negligence is not in the case because the claims of the parties are so divergent. If plaintiff's version of the collision is true, her driver was not guilty of negligence because he approached in the proper place, gave the proper signals, and defendant was wholly at fault in crashing into the Packard car. On the other hand, if defendant's version be accepted, defendant driver was not at fault because the testimony does not show that any act of defendant misled Dr. Altman or caused the collision. There was no middle ground between the claims in which the jury could find contributing negligence by both.

Nor is it necessary to determine whether the signal as given by defendant driver was a sufficient compliance with 1 Comp. Laws 1929, § 4711, to indicate a left turn. Under plaintiff's version of the collision, the signal was unimportant as it could not justify defendants' crashing into a car alongside. Under defendants' account, the effect of the signal

on Dr. Altman was purely speculative as he did not testify.

The charge was even more favorable to plaintiff than was her due. The verdict was not against the weight of the evidence.

Affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.