SEBASTIAN *v.* SHERWOOD.

1. AUTOMOBILES—LEFT TURN—SIGNALS.

Statute requiring driver of motor vehicle intending to turn right or left to make signal to that effect is intended for benefit of persons approaching from rear (1 Comp. Laws 1929, § 4711).

2. SAME—NEGLIGENCE—LEFT TURN—CAR APPROACHING FROM OPPOSITE DIRECTION—QUESTION FOR JURY.

In action for damages by plaintiffs whose automobile collided with defendant's as he was turning left immediately in front of them, question of his negligence in failing to give signal of his intention to turn to plaintiffs, approaching from opposite direction, *held*, for jury (1 Comp. Laws 1929, § 4711).

3. SAME—INSTRUCTIONS—LEFT TURN—CLEAR VISION.

In action for injuries by occupants of car colliding with defendant's car as latter turned to left at intersection immediately in front of plaintiff's car approaching from opposite direction, court's failure to give inapplicable requests to charge relative to making left-hand turn *held*, not error, especially where defendant had clear vision in plaintiff's direction for at least 260 feet (1 Comp. Laws 1929, § 4710).

4. APPEAL AND ERROR—STATEMENT OF REASONS AND GROUNDS OF APPEAL—STATEMENT OF QUESTIONS INVOLVED.

Supreme Court will not consider errors not included in statement of reasons and grounds of appeal nor ordinarily those not set forth nor necessarily involved in statement of questions involved (Court Rules Nos. 66, § 3; 67 [1933]).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 8, 1935. (Docket No. 2, Calendar No. 38,117.)   Decided March 5, 1935.

Separate actions of case by Fred Sebastian and Marjorie Sebastian against George Sherwood for damages caused by an automobile collision on a

highway. Cases consolidated for trial and appeal. Separate verdicts and judgments for plaintiffs. Defendant appeals. Reversed and new trial granted.

*Frank F. Ford* and *Edward J. Ryan,* for plaintiffs.

*Harry C. Howard* and *William J. Howard,* for defendant.

Bushnell, J. Mrs. Sebastian was riding with her husband in his car, in a westerly direction on U S–12, towards the city of Kalamazoo. Sherwood was coming from the west, intending to turn left into Victor road, which intersects but does not cross the highway. He pulled up or stopped on the south side of U S–12, looked to the east, then to the rear, and without giving any signal turned across the road. He was some distance into the crossing when he heard Sebastian yell and for the first time saw him, not over 50 feet away. In spite of the efforts of the drivers, the automobiles collided, with damage to both cars and their occupants, Mrs. Sebastian being badly injured. The Sebastians brought separate actions against Sherwood, which by stipulation were tried jointly, separate verdicts being rendered. The jury awarded Mrs. Sebastian $6,500 for her injuries and Sebastian recovered $900 for damages to his car and the medical expenses incurred. On a motion for a new trial the court ordered a remittitur of $400 in the smaller verdict because of a partial failure of proofs. Sherwood took a general appeal from both judgments and assigned error as to a portion of the charge, the admission of certain testimony and a claimed excessive verdict. The court charged that the defendant was negligent as a matter of law, in turning to the left across the highway

without giving any signal, and the jury was informed, in substance, that it was a violation of a statutory duty not to signal such intention to the driver of an approaching vehicle. Sherwood had testified on cross-examination:

"I did not stick my hand out to the left at all. I couldn't see any reason for it."

We held in *McLaughlin* v. *Curry,* 242 Mich. 228, that the failure of the defendant to extend his arm as required by Act No. 96, § 4, Pub. Acts 1923, was negligence *per se.* The language of the present statute, 1 Comp. Laws 1929, § 4711, which is found in our recent opinion of *Lauth* v. *Woodruff,* 265 Mich. 34, and referred to in *Felsenfeld* v. *Chattaway,* 266 Mich. 234, is somewhat different from that of the 1923 act, which was the one applicable in the *McLaughlin Case.*

Our attention has not been directed to any authorities as to the applicability of the statute to drivers of cars approaching each other from opposite directions, but the case of *Phillips* v. *Henson,* 326 Mo. 282 (30 S. W. [2d] 1065), seems to be directly in point. The court said:

"The language of the statute indicates that the signal of intention to turn a motor vehicle to the right or left was intended as a warning to persons approaching from the rear. No doubt it would have been wise to have required a signal or warning to persons approaching from the opposite direction, but as the legislature did not see fit to do so, we have no authority to incorporate such a provision into the statute by construction. As the statute does not require the driver of a motor vehicle, on approaching intersecting streets, to warn persons approaching the same intersection from the opposite direction of his intention to turn his vehicle to the right

or left, failure to give a warning under such circumstances would not be negligence *per se.*"

Our statute likewise permits the signal to be given by the hand and arm or by such device which conveys an intelligible signal or warning to another driver approaching from the rear, and as observed by the Missouri court:

"If * * * by the use of such device defendant had indicated his intention to turn to the left, it would not have served as a warning to plaintiff, because he was not in a position to see such signal, yet the giving of such a signal would have excused defendant from giving a signal with his hand and arm."

Because of the wording of the statute, the trial court was in error in holding the defendant negligent as a matter of law, such negligence being a matter for the determination of the trier of the facts, in this case the jury.

The preceding section, 1 Comp. Laws 1929, § 4710, sets up additional requirements as to left-hand turns and the court was not in error in refusing to give certain inapplicable requests to charge, especially since the defendant had an admitted clear vision to the east for at least 260 feet. No complaint is made as to the remainder of the charge of the court.

In view of our holding, we do not pass upon the amount of the verdicts as that must now be redetermined. The other errors recited in the "statement of reasons and grounds of appeal" are not included in the "statements of questions involved" and while we do not consider errors that are not included in the first mentioned statement, Court Rule No. 66, § 3 (1933), "ordinarily no point will be considered

which is not set forth in or necessarily suggested by the statement of questions involved." Court Rule No. 67 (1933).

The judgments are reversed and new trials granted, with costs to appellant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.