ETHEL M. HUTCHINS *vs.* LINWOOD J. EMERY.

York.     Opinion, March 6, 1936.

*Willard & Willard*, for plaintiff.
*Waterhouse, Titcomb & Siddall*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    On November 13, 1933, at quarter past five o'clock in the afternoon, the plaintiff, who had made a social call, was walking homeward, in Sanford. She was proceeding northerly, on a sidewalk on the east side of School Street in that town. She walked to, and across, an intersecting street known as Mousam Street, and was continuing her way on the School Street sidewalk, when an automobile operated by one Claude O. Prime struck her; the resultant injuries were grievous.

Seeking damages, plaintiff brought this action, wherein Linwood J. Emery, the driver of a second automobile, is sole defendant. Allegation is that Emery's acts, alone or as a contributory source, in forcing Prime's automobile onto the sidewalk, to plaintiff's harm, was not wilful and intentional, but negligent, in the actionable sense of that word.

The jury determined liability, and assessed damages at $3,125.00. The defendant presents the case on general motion for a new trial. No other question than that of liability upon the theory of proximate cause is pressed.

The issue, therefore, is whether the case is one in which, on the single ground mentioned, the motion can be sustained.

The day was misty; witnesses testify that it was dark at the time of the accident; automobile headlights were being used. The tarvia surface of the streets was wet and slippery.

The course of the Prime vehicle (that inflicting damage) was north, in the east lane of School Street, the same direction plaintiff was traveling; the path of defendant's car, south in the west lane of the same street. The approaching motor vehicles were driven without incident, on their respective sides of the road, to where Mousam Street opens laterally to the eastward.

The facts from here on are in dispute.

The declaration in the writ, to recur to it, consists of two counts. One alleges negligence of the defendant, which in and of itself was the only cause of hurt; the other that defendant's negligence and negligence of the other driver both operated at the same time, and both contributed to produce the injury.

Plaintiff claims to recover because of the negligence of defendant, in turning his machine to the left, or wrong, side of the road, in

front of the Prime car, then on its right side of the road, half over Mousam Street, and ongoing. Being swerved, as its driver testifies, to avert colliding head on, the Prime car ran onto the sidewalk, there striking the pedestrian.

There was evidence from which is was fairly to be inferred that, to hasten his arrival in Mousam Street, where he lived, defendant, in violation of the law of the road, veered his car diagonally to the left, athwart passage of the Prime car.

Contention of plaintiff is that defendant, coming down School Street, and intending to turn into Mousam Street, did not, as in obedience to statute provision he ought to have done (R. S., Chap. 29, Sec. 74), pass beyond the meeting point of the median lines of the intersecting streets, but "cut the corner," thereby creating an emergency.

It is not necessary that a defendant's negligence be the sole cause of injury; it is enough if such negligence is a contributing cause. *Rohrman* v. *Denzinger*, 208 Ky., 832, 272 S. W., 16; *Meech* v. *Sewall*, 232 Mass., 460, 461, 122 N. E., 447; *Lake* v. *Millikin*, 62 Me., 240; *Cleveland* v. *Bangor*, 87 Me., 259, 32 A., 892; *Maine Water Company* v. *Knickerbocker, etc., Company*, 90 Me., 473, 485, 59 A., 953; *Neal* v. *Rendall*, 100 Me., 574, 62 A., 706; *Janilus* v. *Paper Company*, 112 Me., 519, 92 A., 653; *Banville* v. *Field Brothers, etc., Company*, 128 Me., 541, 147 A., 40. Each of two independent torts may be a substantial factor in the production of injury. *Mahoney* v. *Beatman*, 110 Conn., 184, 147 A., 762; *Bowden* v. *Derby*, 99 Me., 208, 58 A., 993. There may be two judgments, but only one satisfaction. *Cleveland* v. *Bangor*, supra.

Insistence by defendant, on his own testimony, and that of witnesses called by him, is that he was attempting, as an ordinarily prudent man, to steer his automobile in a reasonably safe and proper manner; that even though the jury were warranted in finding him negligent, yet his conduct, whatever it might have been, did not set in motion a train of events which, without the intervention of any new and independent source, brought about the injury; that it was not an element aiding in the production of the result.

The defendant, in operating his car, owed to the plaintiff, as to all travelers on the street, whether of the highway portion or the

208

sidewalk, the duty of exercising reasonable care, so that, from the operation of his car, there might result no probability of harm to them. He negligently, as the jury has found, breached that duty, with injury to the plaintiff, who was walking, herself in the exercise of due care, where she had a right to be. Between the act of negligence, and the injury, the jury has determined, there was causal connection, or "proximate cause." The original wrong persisted down to the moment of the force which produced the damage. *Mahoney* v. *Beatman*, supra. A wrongdoer is liable for all natural and probable consequences of his act.

It is a question of fact and not of law, as to what was the proximate cause of an accident. *Bowden* v. *Derby*, supra.

The verdict in the instant case is supported by evidence in every essential particular.

A new trial cannot be granted.

*Motion overruled.*