EDITH FARR, Administratrix, etc., of WESTLEY A. FARR, Deceased, Respondent, v. FRANK E. WRIGHT, Appellant.

Third Department, June 25, 1936.

*Harold W. Turner,* for the appellant.

*Carter & Conboy,* for the respondent.

CRAPSER, J. The action is to recover money damages for the death of the plaintiff's intestate arising out of an automobile accident that occurred on the Oneonta-Unadilla highway on the morning of December 14, 1934.

The highway in question runs north and south and consists of two strips of concrete eighteen or twenty feet in width. At the point of the accident the highway was substantially straight and level for seven-tenths of a mile. There was some snow and ice on the highway and it was a little slippery.

The plaintiff's intestate was twenty-seven years of age at the time of his death. He was married and he was employed as a chauffeur by the Albany Gravel Company.

At midnight on the evening of December 13, 1934, six trucks of the Albany Gravel Company left the city of Albany loaded with cement pipe bound for Unadilla. The first of the trucks in line was a Mack five-ton truck driven by Joseph Batto. The second truck was an Autocar dump carrying one concrete pipe and was operated by John J. McCann. The third truck in line was an Autocar carrying three concrete pipe and was operated by the plaintiff's intestate. The concrete pipe each weighed approximately two tons.

On the truck driven by the deceased there was a three-foot dash braced with three-inch irons or steel braces; that goes up on the front of the dash and then there was a ten by ten block, five feet long in front of the first tile and in back of the first tile there were two six by six nailed together and spiked to the floor of the truck with twenty penny spikes. There was no block in front of the second tile. In back of the second tile there was another six by six spiked in the same way to the floor of the truck. There was no block in front of the third tile. In back of the third tile there was a ten by ten, the same as in front, with a six by six spiked to the floor back of that. There was a rope around the stakes of that truck and through the back tile that did not have any bearing on the accident.

There was a State highway fence running along the shoulders of the road at the place where the accident occurred. The trucks were proceeding southerly on the right-hand side of the road. Batto, the driver of the first truck, discovered an automobile in front of him about 500 feet away and going in the same direction they were then driving, on the westerly panel or right-hand side of the road, in the direction they were going. When the first truck got close to the car ahead he blew his horn and started going out on the left panel and went twenty-five or thirty feet and blew again and pulled over to the left-hand side of the road to pass. The automobile of the defendant, which was ahead, pulled to the left into the Delaware and Hudson shops. There was no sign indicating a driveway into the Delaware and Hudson shops which were on the easterly side of the highway and a highway fence with steel cables runs to the driveway on each side.

A collision occurred between the first truck and the automobile of the defendant, the right headlight of the truck collided with the left rear end of the defendant's automobile. No sign was given by the driver of the automobile of his intention to turn to the left across the highway. The collision between the automobile and the truck occurred entirely on the east side of the highway so that the west side of the highway going south was entirely clear and the other trucks could have passed without being interfered with by the collision that occurred between the first truck and the automobile.

The second truck, driven by McCann, was following the first truck along the right-hand side of that highway within a reasonable distance. When the first truck started off the right panel to pass this car the second truck followed, but the driver saw the automobile of the defendant turn in and knew that there was an accident and pulled back onto the right panel again, let his foot off the gas to

get a clear view on account of the snow dust and slowed the truck down somewhat by the compression of the motor, he did not apply his brakes, and was about opposite truck No. 1 when he was collided with by the truck behind. He had not given any signal to the truck behind because he had not slowed enough. The third truck hit the second truck full on behind. The collision occurred just opposite the truck that was in collision with the defendant's automobile. The second truck was going at the rate of twenty-three miles an hour at the time the third truck crashed into it. The second truck was never in contact with either the automobile of the defendant or the first truck.

When the third truck collided with the second truck the first tile rolled down onto the cab crushing the decedent down onto the steering wheel. One pipe only went up on the cab. The blocking in front of the first tile was tilted up on edge, that was laid flat and was not nailed. The facts above referred to fairly cover the accident.

The appellant contends that the plaintiff has failed to establish any negligence on the part of the defendant which was the proximate cause of the death of the plaintiff's intestate and second that the plaintiff's intestate was guilty of contributory negligence as a matter of law. The burden was upon the plaintiff to show negligence on the part of the defendant but the burden of showing contributory negligence on the part of the decedent was upon the defendant.

There is no question but what the defendant was guilty of negligence in so far as he turned across the road to the easterly side into the driveway without giving a signal and without taking precaution to see that he could do so in safety. That is he was negligent in so far as the collision with the first truck was concerned, but the second truck or the third truck did not come in collision with either the first truck or the defendant's automobile. The second truck was moving twenty-three miles an hour when the third truck collided with it, it was on the right-hand side of the road with plenty of space in which to pass the first truck and the defendant's automobile, so the question to be determined is whether the collision between the first truck and the defendant's automobile was the proximate cause of the injury to and death of the decedent.

So far as the record shows, Farr, the driver of the third truck, remained on the westerly strip of concrete. McCann, the driver of the second truck, was at sufficient distance behind the driver of the first truck so that he was able to return to the westerly strip. There was nothing in front of McCann, the westerly strip

was open for him to proceed along. Farr, the deceased, collided with McCann's rear, a ponderous tile improperly fixed in position on the Farr truck shifted and rolled forward killing Farr. The tile received the impetus that started it forward from the shock resulting in the collision between the Farr and the McCann trucks.

The collision between the first truck, driven by Batto, and the defendant's automobile was not the proximate cause of Farr's death; there were intervening incidents: The proximity of Farr's truck to McCann's, the negligent loading of Farr's tile.

The conduct of the defendant in turning to the left was wrong so far as Batto, the driver of the first truck, was concerned, but in reference to McCann and Farr they were too far away, the evidence showing that McCann was able to turn his truck back onto the westerly or right-hand side of the road where he was at the time Farr's truck came in contact with him.

While the plaintiff has shown that the defendant was guilty of negligence in turning to the left, so far as the first truck was concerned, it was not that negligence that was the proximate cause of the injuries which resulted in the death of Farr. (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339.)

The judgment and order should be reversed and the complaint dismissed, with costs.

HILL, P. J., McNAMEE and BLISS, JJ., concur; HEFFERNAN, J., dissents, with an opinion.

HEFFERNAN, J. (dissenting). I am convinced that the judgment and order appealed from should be affirmed.

Upon the proof before us a question of fact is presented as to whether defendant's negligence was the proximate cause of the death of plaintiff's intestate. The question of the contributory negligence of deceased was also for the jury.

In turning his car as he did, without indicating his intention to do so, defendant was guilty of a statutory violation. (Vehicle & Traffic Law, § 83, subds. 1, 2.) Proximate cause is any cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of and without which the result would not have occurred. (45 C. J. 898; *Laidlaw* v. *Sage*, 158 N. Y. 73.) It is well settled that the mere fact that other causes, conditions or agencies have intervened between defendant's negligence and the injury for which recovery is sought is not sufficient in law to relieve defendant from liability. (*Gibney* v. *State*, 137 N. Y. 1; *Donnelly* v. *Piercy Contracting Co.*, 222 id. 210.) When an intervening cause, which would not alone have caused the injury complained of, is set in operation by an original wrongful

act, which is the probable cause of such injury, the person who set the original cause in operation will not be relieved from liability by reason of such intervening cause. (*Milwaukee & St. P. R. Co.* v. *Kellogg*, 94 U. S. 469.)

Defendant in operating his car owed to plaintiff's intestate and to all travelers on the highway the duty of exercising reasonable care so that from the operation of his car there might result no probability of harm to them. He negligently, as the jury has found, breached that duty. Between the act of negligence, and the injury, the jury has determined that there was causal connection. It is a question of fact and not of law as to what was the proximate cause of the death of plaintiff's intestate. (*Hutchins* v. *Emery*, —— Me. ——; 183 A. 754.) Upon the evidence in the case and upon the charge of the court, to which no exception was taken, the jury had the right to find that there was an unbroken connection between defendant's wrongful act and the death of plaintiff's intestate.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.