IRA JEFFERY *vs.* J. FRED SHEEHAN.

Penobscot.    Opinion, October 12, 1937.

*Albert C. Blanchard,* for plaintiff.
*John M. Needham,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    On jury trial of this trover case, the determining factor was whether or not the automobile that the defendant, a deputy sheriff, attached and took away, was then in the legal possession of the plaintiff. The attachment was made on December 11, 1936, at Bangor, on a writ sued out by one corporation against another corporation, both retail dealers in motor vehicles. The con-

cern latest of mention may sometimes hereinafter be called merely "corporation" or "seller."

Testimony was introduced that the automobile was, on October 14, 1936, following its demonstration, sold, under a conditional sale contract, by the corporation to the plaintiff, and that actual though perhaps not manual delivery was made. On the completion of the writings, the seller's representative standing near the automobile, said to the buyer: "The car is yours." Thereupon, (still rehearsing testimony,) the buyer entrusted the automobile for storage until springtime, to the seller, or to the president of that corporation, individually. The vehicle was removed from the showrooms, where, following the tryout, it had been returned, to the garage of the bailee, on another street.

The buyer, it was testified, never breached his right to control and use the automobile, pending performance of the purchase contract.

Whether or not this automobile and the one attached were the same was a deciding element, also.

Want of delivery, effectual as against attaching creditors, was the question concerning which evidence, pro and con, was first directed. If delivery, contention was that the conditional sale automobile and the attached automobile were not identical.

The trial resulted in a general verdict for plaintiff, the award of damages being $568.90. The measure of damages in such cases is the value of the property at the time of its conversion, with interest. *Brown* v. *Haynes*, 52 Me., 578; *Bradley Land, etc., Company* v. *Eastern Manufacturing Company*, 104 Me., 203, 71 A., 710. Interest is allowable. *Brown* v. *Haynes*, supra; *Wing* v. *Millikin*, 91 Me., 387, 40 A., 138.

Exceptions noted by defendant, to the exclusion of evidence, to the admission of evidence, and, at the close of all the evidence, to denial of motion for direction of a verdict, were allowed.

Exceptions, aside from the last, of which more presently, have been argued for and against.

There has been, too, argument of a motion to set aside the verdict, and grant a new trial, the alleged grounds being that the conclusion

of the jury is against evidence and contrary to law, and the damages excessive.

Exception to refusal to direct a verdict, and the new trial motion depend upon like basic propositions. The motion presents what the exception, had it been argued, would have presented, and vice versa.

Of the exceptions argued, none is shown or perceived to be prejudicial to the rights of the excepter. *Neal* v. *Rendall*, 100 Me., 574, 62 A., 706; *Ross* v. *Reynolds*, 112 Me., 223, 91 A., 952.

With regard to liability, plaintiff fairly sustained the burden of proof.

The jury appears to have found, not unreasonably, by way of predicate for the decision of the issues between the parties, on the evidence adduced, formal delivery, in good faith, under the conditional sale contract, of the particular automobile, to the buyer, almost two months before the attachment; and that, and solely for his own benefit, the buyer gave the automobile into the custody of the corporation or its officer, as bailee or agent.

The bailee had the automobile only for the purpose of storing it.

Although the bailee or agent had the physical thing itself, possession, not in deed or in fact, but legal possession, the right to immediate possession, possession in law, of the automobile, remained in the conditional purchaser, as bailor. *Goodwin* v. *Goodwin*, 90 Me., 23, 37 A., 352; *Bridgham* v. *Hinds*, 120 Me., 444, 115 A., 197; *Amey* v. *Augusta Lumber Company*, 128 Me., 472, 478, 148 A., 687.

The weight, credit and value of the aggregate evidence on either side was for the triers of fact. They accepted plaintiff's version. Thus far, the verdict is validly rested.

But, the award of damages is more than plaintiff, on his own assertion, may recover.

The declaration in the writ averred the automobile to be of great value, that is to say, the value of five hundred dollars. An admission may occur in the declaration as well as in the plea or answer. *White* v. *Smith*, 46 N. Y., 418. The defendant is not precluded from insisting upon the admission, by disputing its correctness. *White* v. *Smith*, supra.

The plaintiff may, within twenty days of the filing of the rescript, exercise the option which is hereby given him, to reduce the amount of the verdict to $500.00, and to agree that the verdict shall stand for the residue; otherwise, defendant's motion will be sustained.

*Exceptions overruled. If, within twenty days, plaintiff files remittitur, and agrees that verdict shall be for but $500.00, motion overruled; otherwise motion sustained; new trial granted.*