JULIETTE A. GIGUERE
*vs.*
BISBEE BUICK CO., INC.

Androscoggin.    Opinion, October 15, 1956.

*Frank W. Linnell*, for plaintiff.

*John A. Platz*, for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

WILLIAMSON, J.   On exceptions.   This is an action in assumpsit to recover for an alleged breach of contract for failure to allow the proper credit upon the purchase price of an automobile.  The case is before us on exceptions (1) to the exclusion of evidence, (2) to the overruling of defendant's motion for a directed verdict, and (3) to portions of the charge.

The jury could find:  The plaintiff purchased a 1954 Buick automobile from the defendant.  Within a few weeks the car was involved in an accident.  The parties then entered into the following agreement:

"December 18, 1954

Bisbee Buick Co., Inc.
201 Main Street
South Paris, Maine
Att: Mr. Philip Flock

Dear Phil:

This will confirm the understanding at which we have arrived today concerning the 1954 Buick, serial #4A702 3085, sold by your company to Miss Juliette Giguere on October 8, 1954. It is understood that you are to pick up the car which is presently at Wade & Dunton Carriage Company and *sell it for the best price that you can obtain,* and you are to immediately order a 1955 Buick of like model, style and equipment which you are to sell to Miss Giguere at your dealer's cost, against which you will apply the *proceeds of the sale of the 1954 Buick mentioned,* and Miss Giguere will pay to you the difference, if any, in the two amounts, not to exceed five hundred dollars, at which time you are to be relieved of all further liability in this matter.

Very truly yours,

Frank W. Linnell" (emphasis supplied)
fwl/ah

In January 1955 the defendant delivered a new 1955 Buick to the plaintiff at a cost of $2422 and gave the plaintiff credit for $1925, representing $2000 for the 1954 damaged Buick, less $75 for expenses. In the invoice to the plaintiff we find:

"USED CAR - TRADE-IN:
| 1954 Buick . . . Sold | 1300.00 |
| Plus 1951 Pontiac | 700.00 |
| | 2000.00" |

It appeared that the 1954 Buick was sold by the defendant to a third party, with the invoice in this instance show-

ing "price of car 2400.00" and credit under "settlement . . . Used Car (the 1951 Pontiac) 1100.00."

We are not concerned with finance charges and sales taxes in the sale of either the 1955 Buick or the 1954 Buick. The controversy between the parties arises from the $400 difference between the trade-in allowance of the Pontiac at $1100 and the credit of $700 for the Pontiac given by the defendant to the plaintiff on the sale of the 1955 Buick.

The parties disagree upon the meaning of the phrase "proceeds of the sale of the 1954 Buick" in their contract. The question is whether "proceeds of sale" means the stated sale price of the 1954 Buick of $2400, which includes $1300 in cash or its equivalent and a trade-in allowance of $1100 for the Pontiac, or $2000, which includes $1300 in cash or its equivalent and $700 presumably recovered by the defendant from disposition of the Pontiac. The presiding justice accepted the view that the stated sale price of the 1954 Buick was $2400 and that the Pontiac or its value did not enter the picture, and he so charged the jury. Accordingly, he excluded evidence offered by the defendant tending to show that the Pontiac was in fact sold by the defendant for a net of $700. The case went to the jury with the only evidence of "best price" and "proceeds of sale" of the 1954 Buick at $2400 (apart from taxes, financing charges, and expenses not in dispute).

In our view the plaintiff is correct in her claim. We find no error on the part of the presiding justice. To permit the defendant to say that the Pontiac was not the equivalent of $1100, and thus was not a part of a sale price of $2400 for the 1954 Buick, would be to open the case to collateral issues revolving about the resale of the Pontiac and any other cars which might appear in a series of transactions between the defendant and third parties.

The obligation of the defendant was to obtain the "best price" for the 1954 Buick. There is no suggestion that the

plaintiff in terms authorized the defendant to barter with a third person in making the sale. If, however, we accept the argument of the defendant that it was well understood that a car would be taken by the defendant in part payment, it does not follow that the sale price of the 1954 Buick depended upon the amount finally realized from the Pontiac.

If the defendant chose to overvalue the Pontiac to make a sale of the 1954 Buick, he must suffer the loss. The price of the 1954 Buick was $2400, and $1100 was the value placed upon the Pontiac by the defendant and the Pontiac owner at the time of the sale. The defendant cannot now reduce the value of the Pontiac, and hence the proceeds of sale, by facts occurring after the "best price" was obtained.

The entry will be

*Exceptions overruled.*