PUBLIC FINANCE CORPORATION
*vs.*
PURITAN CHEVROLET, INC.

Androscoggin.   Opinion, May 24, 1963.

*William Cohen,* for Plaintiff.

*Roscoe Fales,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

TAPLEY, J. On appeal. This is an action of trover wherein the plaintiff seeks damages for the alleged conversion of a Pontiac automobile. The case was tried before a single justice without the intervention of a jury. The justice below found for the plaintiff in the sum of $495.00, judgment being entered for this amount and costs. The defendant appealed from this final judgment. The only point of appellant's appeal is "The Court erred in finding that the fair market value of the vehicle in question was $495.00." In order for the appellant to prevail it must show that the findings of the justice were clearly erroneous, Rule 52, M. R. C. P. (155 Me. 463).

The justice below made his findings on the basis of a "Stipulation of Facts" which reads:

"The parties hereto stipulate the facts as follows:

"On May 5, 1960, Paul Varle was the owner of one 1954 Pontiac automobile which was then subject to a duly recorded mortgage to Public Finance; there is due to Public Finance the sum of $656.00 on said mortgage. On May 5, 1960 Paul Varle sold the 1954 Pontiac to Puritan Chevrolet as a down payment on another vehicle. He was allowed $495.00 on the 1954 Pontiac as a trade-in allowance, according to the copy of the original invoice hereto attached as Exhibit A. On June 30, 1960 Puritan Chevrolet sold the 1954 Pontiac Automobile to a third party for $65.00 cash, plus sales tax, according to the copy of the original invoice hereto attached as Exhibit B.

"Public Finance contends that under the authority of Giguere vs Bisbee Buick, 152 Maine, 177, Puritan Chevrolet is liable to Public Finance for $495.00.

"Puritan Chevrolet contends that it is liable only for the fair market value of the automobile, namely $65.00, there being no privity of contract between the parties hereto as in the Bisbee case."

This "Stipulation of Facts" contains all the evidence submitted, both as to liability and damages.

Counsel for the plaintiff contends that the trade-in allowance of $495.00 for the 1954 Pontiac is sufficient evidence of market value to sustain damages in that amount, while defense counsel argues that the court was in error as the Pontiac was sold by the defendant for $65.00 and that this was the true measure of damages. We have in this case a factual situation where the defendant, Puritan Chevrolet, Inc., on May 5, 1960, in effect, paid $495.00 for the vehicle and on June 30, 1960, approximately two months later, sold it for $65.00. No other evidence bearing on the issue of market value was offered.

Damages in an action of trover are determined as of the date of conversion which, in the instant case, is May 5, 1960. *Jeffery* v. *Sheehan,* 135 Me. 246; *Amey, et al.* v. *Augusta Lumber Company,* 128 Me. 472.

A price stipulated in a sales contract entered into in good faith is some evidence of market value. *Pinet* v. *New Hampshire Fire Insurance Co.,* 126 A. (2nd) 262 (N. H.).

"While there is some authority to the contrary, the prevailing doctrine is that evidence of the price obtained at a private sale of the property is admissible, either for plaintiff or defendant on the question of the value of the goods." 89 C. J. S.— Trover and Conversion—Sec. 130 (2).

The value of the vehicle must be found as of May 5, 1960, being the time of conversion, and not on June 30, 1960, when it was sold by the defendant. Puritan Chevrolet, Inc., the defendant, when it took the car as a trade-in, considered it to have a value of $495.00. This is the only

evidence in the case from which market value may be found as of May 5th, being the date of conversion. The position taken by the defendant that the market value of the car was $65.00 on June 30, 1960 is inconsistent with the well-grounded and etablished rule of damages in a conversion case of this type.

Plaintiff's counsel relies strongly on *Giguere* v. *Bisbee Buick Co., Inc.*, 152 Me. 177. The *Giguere* case is distinguishable from the case at bar. In *Giguere,* Bisbee Buick Co., Inc. was to sell the trade-in car "for the best price that you can obtain." Under these circumstances the obtaining of the best price available was the result of a contractual relationship and would not necessarily reflect the market value. In the instant case there was a definite and specific trade-in allowance of $495.00.

The justice below was not in error in his findings.

*Appeal denied.*